most that can be said of the testimony in this case is that it tends to raise a suspicion. That appellant purchased the lawn mower from Evans at about its market value is uncontradicted, and that after he acquired it he had it in his store where it could be seen and inspected by would-be purchasers is also uncontradicted; that he notified the Reverend Hodge by postal card through the United States mail that he had a lawn mower which he would sell for $2.50. This testimony was offered by the state, and was not contradicted or disproved by any fact or circumstance, which we think failed to even raise the suspicion of the concealing of said property, and in support of the views herein expressed we refer to the case of Trail v. State (Tex. Cr. App.) 57 S. W. 92, and the authorities there cited. If the appellant was connected with the theft of the property by procuring Evans to steal the lawn mower, he could not be guilty of receiving and concealing stolen property under the authority of Uhl v. State, 105 Tex. Cr. R. 265, 287 S. W. 1099 and Byrd v. State, 117 Tex. Cr. R. 489, 38 S.W.(2d) 332.

Having reached the conclusion that the evidence is wholly insufficient to sustain the conviction, the judgment of the trial court is reversed, and the cause is remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has. been examined by the judges of the Court of Criminal Appeals and approved by the court.

C. C. Jopling, of La Grange, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of libel, and his punishment was assessed at a fine of $500.

The information seems to be sufficient to charge the offense of which the appellant was convicted. The appellant's bills of exceptions appearing in the record cannot properly be appraised by this court in view of the fact that the record is before us without a statement of facts.

No fundamental error appearing in the record, the judgment of the trial court is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.